1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9  RAUL ERNEST ALONSO-PRIETO,          CASE NO. 1:11-CV-00024-MJS PC

10                  Plaintiff,          ORDER DENYING PLAINTIFF'S
                                        MISCELLANEOUS MOTIONS
11         v.
                                        (ECF NOS. 12, 13)
12
   B PIERCE, et al.,
13
                   Defendants.
14
   _____/
15

16  **I.      PROCEDURAL HISTORY**

17         Raul Ernest Alonso-Prieto ("Plaintiff") is a federal prisoner proceeding pro se and

18  in forma pauperis in this civil rights action filed on January 6, 2011 pursuant to 42

19  U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of</u>

20  <u>Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff filed a First Amended Complaint

21  on April 18, 2011. The Court has yet to screen the First Amended Complaint or order

22  service.

23         Before the Court are (1) Plaintiff's Motion of Inquiry (ECF No. 12), and (2)

24  Plaintiff's Motion for Immediate Action or in the Alternative Service of Complaint and

25  Summons. (ECF No. 13.)

26  **II.     ANALYSIS**

27         **A.     Status and Service**

28         Plaintiff alleges in his Motion of Inquiry that he filed his Amended Complaint prior

to April 30, 2011 as ordered by the Court and has yet to be advised as to the posture of the case.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). The Court will direct the United States Marshal to serve Plaintiff's Amended Complaint only after the Court has screened it and determined that it contains cognizable claims for relief against the named Defendants. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court is aware of Plaintiff's action and his Amended Compliant is in line for screening. However, the Court has a large number of prisoner civil rights cases pending before it and will screen Plaintiff's Complaint in due course. Until such time as the Court has screened Plaintiff's Amended Complaint, no further action is required.

Accordingly, Plaintiff's Motion of Inquiry (ECF No. 12) is DENIED.

**B.    Immediate Action**

Plaintiff alleges in his Motion for Immediate Action that this case has been pending for over nine months and the Court has not ordered service. He seeks immediate service of summons, or alternatively that the Court grant the return of his property, money damages and injunctive relief as prayed for in his First Amended Complaint.

The Court will not order service for the reasons described above. The Court will not direct service by the United States Marshal absent a pleading containing cognizable claims for relief against the named Defendants.

Nor does Plaintiff appear entitled to injunctive relief were his motion to be construed as a request for such. "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998). Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff contends that during a facility transfer in November of 2010, Defendants lost or destroyed his personal blood glucose meter, medical diary and other property and also denied him diabetic and hypertension meals and medication during transport. He does not  allege any current threat of irreparable risk of harm or inadequate medical treatment where he is housed now at the Reeves County Detention Center in Pecos, Texas. Nothing before the Court suggests real and immediate threat of injury. See City

of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983).

Plaintiff left Defendants' custody more than a year ago. As to defendants, Injunctive relief is moot unless there is an expectation that Plaintiff will be returned to their custody. Preiser v. Newkirk, 422 U.S. 395, 402–03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991); see also Andrews v. Cervantes, 493 F.3d 1047, 1053, n.5 (9th Cir.2007). The harm alleged here does not "fall within that category of harm 'capable of repetition, yet evading review,'". Preiser, 422 U.S. 395 at 403 (quoting Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515 (1911)).

At this stage in the proceedings, Plaintiff has not stated any claim for relief which is cognizable under federal law.[1] As a result, the Court has no pending case in which to assert jurisdiction and award preliminary injunctive relief. Even if Plaintiff cures the deficiencies and asserts a viable federal claim, he would be entitled to only narrowly drawn injunctive relief designed to correct a violation of rights at issue in the action against named defendants. The constitutional and statutory requirements applicable to equitable relief preclude entitlement to generalized relief unsupported by fundamental constitutional grounds. Thus, although the court does not here address the substance of Plaintiff's claims, Plaintiff's Motion for Immediate Action is HEREBY DENIED.[2]

**III.    ORDER**

Accordingly, for the foregoing reasons, it is ORDERED that Plaintiff's Motion of Inquiry (ECF No. 12) and Motion for Immediate Action (ECF No. 13) are DENIED.


IT IS SO ORDERED.

Dated:    March 5, 2012          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's First Amended Complaint has not yet been screened.

[2] Because the Court lacks jurisdiction, the Court does not reach the merits.