UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ERNEST ALONSO-PRIETO, | CASE NO.    1:11-cv-00024-MJS (PC) |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF NO. 10) |
| B. PIERCE, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |

_____/

**FIRST SCREENING ORDER**

I.    **PROCEDURAL HISTORY**

Raul Ernest Alonso-Prieto ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action filed on January 6, 2011 pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of</u>

-1-

Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971). On April 18, 2011, Plaintiff filed a First Amended Complaint (First Am. Compl., ECF No. 10), which is now before the Court for screening.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff, an elderly hypertensive diabetic, alleges that in late 2010 Defendant Kern County Deputy Sheriffs violated his First, Eighth, and Fourteenth Amendment

rights as follows:

Defendants conspired to and did lose or destroy his personal blood glucose meter, medical diary, receipts, and other property and then lied to Plaintiff about the disposition of the property. (First Am. Compl. at 3-4).

Defendant Pierce denied him diabetic and hypertension meals and medication including during a nine hour transport even though he had been told this could compromise Plaintiff's health, and he refused to summon medical assistance when Plaintiff advised he needed medication. (Id. at 5-6.)

Defendant Pierce threatened him with violence and labeling him a "snitch" when he complained about the meals and medication, threw him into a wall while cuffed and shackled and made disparaging remarks about elderly ill inmates. (Id.)

Defendant Pierce and Jane Doe destroyed receipts and grievances needed to prove Plaintiff's ownership of the personal property. (Id. at 7.)

He has suffered blindness and worsening health due to Defendants actions. (Id. at 8.)

He has notified Kern County Commissioners of his claims, but they have not replied. (Id.)

He names as Defendants (1) B. Pierce, Deputy Sheriff, Kern County, (2) John Doe Deputy Sheriff, Kern County, (3) Jane Doe Deputy Sheriff, Kern County, (4) the County of Kern.[1] (Id. at 2-3.)

He seeks the return of his property, monetary compensation and unspecified

[1] The County of Kern is a listed Defendant in the caption of the First Amended Complaint, but is not a listed Defendant in Section II (Parties) thereof.

injunctive relief. (Id. at 4.)

**IV.   ANALYSIS**

    **A.   Pleading Requirements Generally**

       To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

       A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

    **B.   Doe Defendants**

       "[A]s a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem:

those persons cannot be served with process until they are identified by their real names." Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D. Cal. July 20, 2010).

Plaintiff must identify how each such named Defendant, including those named as Doe, is liable for a constitutional violation. Dempsey v. Schwarzenegger, 2010 WL 1445460, *2 (N.D. Cal. Apr. 9, 2010); Schrubb v. Tilton, 2009 WL 3334874, *2 (N.D. Cal. Oct. 14, 2009).

Plaintiff is advised that Doe Defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute the Defendants' actual names. The burden is on Plaintiff to promptly discover the full names of Doe Defendants. Robinett, 2010 WL 2867696 at *4.

C.   Municipal Liability

Plaintiff names the County of Kern as a Defendant in this action.

A local government is liable under § 1983 only if a constitutional violation "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that [entity's] officers." Edgerly v. City & Cnty. of San Francisco, 599 F.3d 946, 960 (9th Cir. 2010) (quoting Monell v. Dep't of Social Services, 436 U.S. 658, 690 (1978)). A local government entity will be liable "only where the entity's policies evince a 'deliberate indifference' to the constitutional right and are the 'moving force behind the constitutional violation.'" Id. (quoting Levine v. City of Alameda, 525 F.3d 903, 907 (9th Cir. 2008)). A policy can be an official policy or one made "by those whose edicts or acts may fairly be said to represent official policy." Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008) (quoting Monell, 436 U.S. at 694).

-5-

It can also be a "widespread practice that . . . is so permanent and well settled as to constitute a 'custom or usage' with the force of law." <u>Gillette v. Delmore</u>, 979 F.2d 1342, 1348–49 (9th Cir. 1992) (quoting <u>City of St. Louis v. Praprotnik</u>, 485 U.S. 112, 127 (1988)).

Thus, to prevail on a § 1983 claim against a municipal defendant, a plaintiff must show (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation. <u>See</u> <u>Dougherty v. City of Covina</u>, 654 F.3d 892, 900 (9th Cir. 2011). A municipal policy is the "moving force" behind a constitutional violation if it is the proximate cause of the constitutional injury. <u>Van Ort v. Estate of Stanewich</u>, 92 F.3d 831, 837 (9th Cir. 1996).

Plaintiff has failed to allege municipal liability. Plaintiff does not explain his basis for including the County of Kern as a Defendant. Filing a  government claim with the County commissioners does not suggest a basis for liability in accord with the legal standards discussed above. If he chooses to file an amended complaint, Plaintiff should review the <u>Monell</u> standard for municipal liability and determine whether he can allege sufficient truthful facts to state a claim under <u>Monell</u> against the County of Kern.

### D.    <u>Eighth Amendment - Inadequate Medical Care</u>

Plaintiff alleges that Defendant Pierce denied him his personal blood glucose meter and medical diary, diabetic and hypertension meals and medication, even though he knew Plaintiff had a diabetic condition requiring medication, and he refused to

summon medical assistance when Plaintiff advised he needed medication.[2]

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06); see also Wilhelm v. Rotman, —— F.3d ——,

---

[2] Plaintiff's medical indifference claim is properly analyzed under the Eighth Amendment, not under the rubric of substantive due process under the Fourteenth Amendment. County of Sacramento, 523 U.S. at 843.

2012 WL 1889786 *7 (9th Cir. May 25, 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); <u>Snow v. McDaniel</u>, ——F.3d ——, 2012 WL 1889774 *7 (9th Cir. May 25, 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances).

Plaintiff's allegation of hypertension and diabetes requiring treatment, taken as true on screening, reflects a serious medical need sufficient to satisfy the first prong of deliberate indifference. A failure to provide proper treatment could potentially cause significant injury. <u>See</u> <u>McGuckin</u>, 947 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.")

However, Plaintiff has not alleged facts sufficient for the Court to determine deliberate indifference under the above standard. He does not allege:  the treatment plan and medication regimen required for his condition; how Defendant Pierce was aware of the treatment plan and need for medication; whether Defendant Pierce was aware of any risk of harm from failure to treat; and, whether Pierce had the ability to provide the treatment and medication (e.g., during the alleged nine hour transport) and deliberately refused to do so. Significantly, Plaintiff does not allege any medical or other accommodation chrono or physician's order requiring treatment by corrections staff. He also omits allegations of an obvious serious medical need for treatment and  that

-8-

Defendant Pierce was aware of such and deliberately refused to provide assistance. Plaintiff's current allegations, taken as true, suggest at most negligence, not deliberate indifference.

Plaintiff has failed to allege facts plausibly claiming deliberate indifference as to medical care. The Court will give Plaintiff an opportunity to amend to correct the noted deficiencies. If Plaintiff chooses to amend he must set forth sufficient facts claiming in addition to his demonstrated serious medical need, a deliberately indifferent response to that need causing him harm on the part of each Defendant.

### E.   Eighth Amendment - Excessive Force

Plaintiff alleges that Defendant Pierce threw him into a wall while cuffed and shackled, causing Plaintiff to fall and cut his lip.[3]

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, —— U.S. ——, ——, 130 S.Ct. 1175, 1178 (2010); Hudson v. McMillian, 503 U.S. 1, 8–9 (1992). The analysis of an excessive force claim brought pursuant to § 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham, 490 U.S. at 394. The Eighth Amendment's prohibition on cruel and unusual punishments applies to incarcerated individuals, such as Plaintiff. Whitley v. Albers, 475 U.S. 312, 318 (1976). To state an Eighth Amendment claim, a plaintiff must allege that the use of force was an "unnecessary and wanton infliction of pain." Jeffers v. Gomez,

---

[3] Plaintiff's excessive force claim is properly analyzed under the Eighth Amendment, not under the rubric of substantive due process under the Fourteenth Amendment. County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998).

267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause

harm always violates contemporary standards of decency, regardless of whether or not

significant injury is evident. Hudson, 503 U.S. at 9; see also Oliver v. Keller, 289 F.3d

623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de

minimis uses of force, not de minimis injuries). However, not "every malevolent touch by

a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The

Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes

from constitutional recognition de minimis uses of physical force, provided that the use

of force is not of a sort repugnant to the conscience of mankind." Id. at 9–10.

        Whether force used by prison officials was excessive is determined by inquiring if

the "force was applied in a good-faith effort to maintain or restore discipline, or

maliciously and sadistically to cause harm." Id. at 6–7. The Court must look at the need

for application of force; the relationship between that need and the amount of force

applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and

inmates as reasonably perceived by prison officials; and any efforts made to temper the

severity of the response. Whitley, 475 U.S. at 321. The absence of significant injury

alone is not dispositive of a claim of excessive force. Wilkens, 130 S.Ct. at 1176–77; see

also Felix v. McCarthy, 939 F.2d 699, 702 (9th Cir. 1991) (unprovoked and unjustified

attack on prisoner violates constitution regardless of degree of injury).

        Plaintiff's allegation that he was thrown into a wall while in restraints resulting in

his falling to the ground and cutting his lip could constitute excessive force if the force

used was more than necessary, i.e., unjustified under the circumstances. Plaintiff fails to

allege the surrounding circumstances sufficiently for the Court to determine (1) if the

force was more than minimal (see e.g., Ali v. Kasprenski, 732 F.Supp.2d 439, 447, (D. Del. 2010), finding de minimis force where corrections officer shoved inmate causing him to fall into another inmate and not causing injury; Kornegay v. New York, 677 F.Supp.2d 653, 659 (W.D.N.Y. 2010), finding de minimis force where corrections officer's shove did not physically injure inmate though it caused him to lose his balance and fall to the ground; but cf. Graham v. Florida, 130 S.Ct. 2011, 2031 (2010), "an offender's age is relevant to the Eighth Amendment"), and (2) if the force was applied in good faith or in a sadistic and malicious manner. (See e.g., Manier v. Cook, 394 F.Supp.2d 1282, 1288 (E.D. Wash. 2005), citing Whitley, 475 U.S. at 322, "no Eighth Amendment violation if force was applied in a good-faith effort to maintain or restore discipline . . . [a]n allegation of cruel and unusual punishment should proceed to trial only if the evidence supports a reliable inference that prison official intended to inflict pain.")

Plaintiff has not stated a cognizable excessive force claim. He will be given leave to amend this claim. If Plaintiff chooses to amend he must set forth sufficient facts alleging malicious and sadistic application of more than de minimis force solely to cause harm.

## F.   First Amendment - Retaliation

Plaintiff alleges Defendants threatened him, used force against him and denied him medication in retaliation for his oral requests for medical treatment and for access senior corrections staff to report Defendants' actions.[4]

_____

[4] There is no indication that Plaintiff utilized the prison grievance process.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against a prisoner (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the prisoner's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005); accord Silva v. DiVittorio, 658 F.3d 1090, 1104 (9th Cir. 2011).

Plaintiff fails to allege he engaged in conduct protected by the First Amendment. The filing of prison grievances, Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989), the making of oral complaints to prison personnel about prison conditions relating to matters of public concern and designed to effect a change in prison policy, Pearson v. Welborn, 471 F.3d 732, 741 (7th Cir. 2006), and accessing the court for civil rights purposes, Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985), are all actions protected by the First Amendment. Plaintiff alleges oral requests for medication, and to be taken to senior corrections staff to report Defendants' conduct. He has not alleged that he engaged in protected conduct.

Even if he had sufficiently alleged protected conduct, for the reasons stated above he has not shown that Defendants' actions lacked a legitimate penological purpose. With respect to the fifth prong, a prisoner must affirmatively allege that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. This is not a high burden. Id. (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry).

Plaintiff has not alleged sufficient facts to satisfy all five elements of a retaliation claim. If Plaintiff chooses to amend, he must set forth sufficient facts showing all five of the above noted elements attributable to each of the Defendants.

### G.    Fourteenth Amendment - Due Process

Plaintiff alleges his due process rights were violated by improper handling of his prison grievance(s), and loss of his personal property.

### 1.    Prison Grievance

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

In Mann v. Adams, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure. 855 F.2d at 640. This was reiterated in Ramirez v. Galarza, 334 F.3d 850, 860 (9th Cir. 2003), when the Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure. Thus, the case law is clear that Plaintiff is not entitled, as a matter of federal law, to a particular grievance procedure. Plaintiff will not be given leave to amend this claim.

1

2.    Deprivation of Property

Plaintiff alleges Defendants conspired to and did lose or destroy his personal

blood glucose meter, medical diary, receipts, and other property. It is unclear whether he

alleges negligent or intentional deprivation.

The Due Process Clause protects prisoners from being deprived of property

without due process of law. Wolff, 418 U.S. 539 at 556. Prisoners have a protected

interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).

An authorized, intentional deprivation of property may be actionable under the

Due Process Clause. Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v.

Zimmerman Brush Co., 455 U.S. 422, 435-436 (1982)); see also Quick v. Jones, 754

F.2d 1521, 1524 (9th Cir. 1985).[5] Authorized deprivations of property are not actionable

if carried out pursuant to a regulation that is reasonably related to a legitimate

penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987).

Neither negligent nor unauthorized intentional deprivations of property by a

governmental employee "constitute a violation of the procedural requirements of the Due

Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy

for the loss is available". Hudson, 468 U.S. at 533. There is an adequate

post-deprivation remedy under California law and therefore, an attempt to pursue a

claim under federal law for the unauthorized or negligent deprivation of property fails as

a matter of law. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't

---

[5] An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Logan, 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

-14-

Code §§ 810-895).

Plaintiff's allegations are conclusory and lack the factual specificity necessary for the Court to apply the above standards. He fails to state a claim for deprivation of property in violation of his Fourteenth Amendment rights. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts plausibly claiming an authorized confiscation not reasonably related to a legitimate penological interest or a valid state tort claim relating to an unauthorized or negligent deprivation subject to supplemental jurisdiction.

### H.    Fourteenth Amendment - Equal Protection

Plaintiff alleges that Defendant Pierce made disparaging comments about elderly inmates and was vindictive toward aged, ill inmates.[6]

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook, 528 U.S. at 564; see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); see also North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

---

[6] An equal protection claim may be brought by a "class of one," where the plaintiff alleges that he/she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

1
2
3
4
5
6
7
8
9

"In the prison context, however, even fundamental rights such as the right to equal protection are judged by a standard of reasonableness, specifically whether the actions of prison officials are "reasonably related to legitimate penological interests." Walker v. Gomez, 370 F.3d 969, 974 (9th Cir. 2004) (citing Turner, 482 U.S. at 89). Although the Equal Protection Clause ensures similarly situated persons are treated alike, it does not ensure absolute equality. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (citing U.S. v. Devlin, 13 F.3d 1361, 1363 (9th Cir. 1994)) (citing Ross v. Moffitt, 417 U.S. 600, 612 (1974)).

10
11
12
13
14

To establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent. See Washington v. Davis, 426 U.S. 229, 239-40 (1976); Serrano, 345 F.3d at 1082; Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).

15
16
17
18
19
20
21
22

Old age classifications are subject to only a rational basis standard of equal protection analysis. (Massachusetts Bd. Of Retirement v. Murgia, 427 U.S. 307, 313 (1976). Plaintiff alleges no facts that he was intentionally treated differently from similarly situated individuals without a rational relationship to a legitimate state purpose. Mere "[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation[.]" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)).

23
24
25
26
27

Plaintiff fails to state a cognizable equal protection claim. The Court will grant Plaintiff an opportunity to amend this claim. If Plaintiff chooses to amend he must set forth sufficient facts showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.

### I.   Conspiracy

Plaintiff appears to seek relief based upon allegations that Defendants conspired in the alleged rights violations.

Conspiracy under § 1983 merely provides a mechanism by which to plead or prove a constitutional or statutory violation. Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1980). Although conspiracy claims are actionable under § 1983, "it is necessary that there have been, besides the agreement, an actual deprivation of a right secured by the Constitution and laws." Landrigan 628 F.2d at 742. A pro se complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights will not withstand a motion to dismiss. Zemsky v. City of New York, 821 F.2d 148, 152 (2nd Cir. 1987).

There are no facts pled to support a cognizable claim for conspiracy to violate Plaintiff's constitutional rights. Plaintiff's bare allegation that Defendants conspired to commit various violations is devoid of any suggestion of facts which might conceivably support it. It appears to be based on nothing more than Plaintiff's suspicion and/or speculation. Plaintiff will be given leave to amend this claim, but may be better served by concentrating on his other claims. Otherwise, he must set forth allegations of fact which would support the claim of conspiracy.

### J.   Injunctive Relief

Plaintiff seeks unspecified injunctive relief.

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to

suffer irreparable harm in the absence of preliminary relief, that the balance of equities

tips in his favor, and that an injunction is in the public interest." Id. (citing Munaf v.

Geren, 553 U.S. 674, 689-90 (2008)).

In cases brought by prisoners involving conditions of confinement, the Prison

Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn,

extend no further than necessary to correct the harm the court finds requires preliminary

relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. §

3626(a).

Here Plaintiff is no longer in the custody of Defendants, such that injunctive relief

is moot unless, as is not the case here, there is an expectation that Plaintiff will be

returned to their custody. Preiser v. Newkirk, 422 U.S. 395, 402–03 (1975); Johnson v.

Moore, 948 F.2d 517, 519 (9th Cir. 1991); see also Andrews v. Cervantes, 493 F.3d

1047, 1053, n.5 (9th Cir. 2007). The harm alleged here does not "fall within that category

of harm 'capable of repetition, yet evading review,'". Preiser, 422 U.S. 395 at 403

(quoting Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515 (1911)).

Furthermore, Plaintiff has not demonstrated that he will succeed on the merits of

his case. His First Amended Complaint fails to state any cognizable claim. Nothing in his

pleading suggests real and immediate threat of injury. See City of Los Angeles v. Lyons,

461 U.S. 95, 101-02 (1983) (plaintiff must show "real and immediate" threat of injury,

and "past exposure to illegal conduct does not in itself show a present case or

controversy regarding injunctive relief . . . if unaccompanied by any continuing, present,

adverse effects.") Nothing before the Court suggests Plaintiff is under any real and

immediate threat of injury, or that the balancing of equities and public interest weighs in

-18-

his favor.

Plaintiff's allegations do not support an entitled to injunctive relief. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing injunctive relief is not moot, as well as the above noted elements.

## V. __CONCLUSION AND ORDER__

Plaintiff's First Amended Complaint does not state a claim for relief under § 1983. The Court will grant him an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 667-68. He must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). He must also demonstrate that each named Defendant personally participated in a deprivation of his rights under color of state law. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). He should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no

longer serves any function in the case. Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each defendant must be

sufficiently alleged. The amended complaint should be clearly and boldly titled "Second

Amended Complaint", refer to the appropriate case number, and be an original signed

under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P.

8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff (1) a blank civil rights amended

complaint form and (2) a copy of his First Amended Complaint filed April

18, 2011,

2.     Plaintiff's First Amended Complaint is dismissed for failure to state a claim

upon which relief may be granted,

3.     Plaintiff shall file an amended complaint within thirty (30) days from service

of this order, and

4.     If Plaintiff fails to file an amended complaint in compliance with this order,

this action shall be dismissed, with prejudice, for failure to state a claim

and failure to prosecute, subject to the "three strikes" provision set forth in

28 U.S.C. § 1915(g). Silva, 658 F.3d at 1090.

IT IS SO ORDERED.

Dated:   August 20, 2012          _____/s/ *Michael J. Seng*_____
                                  UNITED STATES MAGISTRATE JUDGE