UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAUL ERNEST ALONSO-PRIETO, | | CASE No.   1:11-cv-00024-MJS (PC) |
| | Plaintiff, | ORDER DENYING MISCELLANEOUS MOTIONS |
| v. | | (ECF Nos. 18, 19) |
| B. PIERCE, et al., | | |
| | Defendants. | |

Raul Ernest Alonso-Prieto ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action filed on January 6, 2011 pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971). (ECF No. 1.)

On April 18, 2011, Plaintiff filed a First Amended Complaint (ECF No. 10), without the Complaint having been screened by the Court. On August 21, 2012, the

Court dismissed the First Amended Complaint for failure to state a claim, but gave leave to amend. (ECF No. 16.) On September 25, 2012, Plaintiff filed a Second Amended Complaint (ECF No. 17), a motion requesting that discovery commence (ECF No. 18), and a motion that exhibits to Plaintiff's First Amended Complaint be attached to the Second Amended Complaint. (ECF No. 19.) These two motions are now before the Court.

The motion regarding discovery is denied. The Court has not yet identified any cognizable claim and has not ordered service. Plaintiff will have an opportunity to conduct discovery if and when Defendant(s) are served and appear in this action. The Court's First Informational Order, which was issued to Plaintiff when he filed his original Complaint, specifically states, "After an answer is filed, the court will issue an order opening discovery and setting the deadlines for completing discovery, amending the pleadings, and filing pre-trial dispositive motions. <u>No discovery may be conducted without court permission until an answer is filed and the court issues the discovery order</u>."  (emphasis in original) (ECF No. 3.) Once the operative pleading has been served and if Defendants file an answer, the Court will issue a discovery and scheduling order which will provide the parties with time in which to conduct discovery. Plaintiff's discovery motion is premature.

The motion to attach exhibits, construed as a motion to supplement the Second Amended Complaint, is denied. Amended pleadings must be complete within themselves without reference to another pleading. Partial amendments are not permissible. Local Rule 220. A plaintiff may not supplement as to events occurring prior to the date of the pleading to be supplemented. Fed. R. Civ. P. 15(d). Here Plaintiff

seeks to impermissibly file a partial amendment supplementing the operative Second Amended Complaint.

Accordingly, for the foregoing reasons, it is HEREBY ORDERED that Plaintiff's motion requesting that discovery commence (ECF No. 18) and his motion that exhibits to First Amended Complaint be attached to the Second Amended Complaint (ECF No. 19) are DENIED.

IT IS SO ORDERED.

Dated:   September 27, 2012         /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE