# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ERNEST ALONSO-PRIETO, | CASE NO.   1:11-cv-00024-MJS (PC) |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO EITHER FILE A THIRD AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE EIGHTH AMENDMENT EXCESSIVE FORCE CLAIM AGAINST DEFENDANT PIERCE |
| v. | |
| B. PIERCE, et al., | |
| Defendants. | (ECF NO. 17) |
| | THIRTY (30) DAY DEADLINE |
| _____/ | |

## SECOND SCREENING ORDER

I.    PROCEDURAL HISTORY

Raul Ernest Alonso-Prieto ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action filed on January 6, 2011 pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of

-1-

Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971). (Compl., ECF No. 1). On April 18, 2011, Plaintiff filed a First Amended Complaint (First Am. Compl., ECF No. 10) without the Complaint having been screened by the Court. On August 21, 2012, the Court screened the First Amended Complaint and dismissed it for failure to state a claim, but gave leave to file an amended pleading. (Order Dismiss First Am. Compl., ECF No. 16). On September 25, 2012, Plaintiff filed a Second Amended Complaint (Sec. Am. Compl., ECF No. 17) which is now before the Court for screening.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

**III.    SUMMARY OF SECOND AMENDED COMPLAINT**

Plaintiff, an elderly hypertensive diabetic, blind in the left eye, claims that during a prisoner transport the Defendant Kern County Deputy Sheriffs conspired and took his property including his glucose meter and related records. When he complained, Defendants retaliated by denying him medicine and medical meals during transport, and by applying excessive physical force and then denying treatment of the resulting injuries. Plaintiff claims Defendants violated his rights under the First, Fourth, Eighth and Fourteenth Amendments, and Title II of the Americans with Disabilities Act ("ADA").

In preparation for the November 2, 2010 transport, Defendant John Doe presented Defendant Pierce with Plaintiff's "medical files", and told Pierce that "Plaintiff has not been fed, or that he had not received his meds" (Second Am. Compl. at 11) and so Pierce "was aware of [Plaintiff's] medical problems." (Id. at 8).

Defendant Pierce, the transport officer, and Defendant Jane Doe deliberately and maliciously took from Plaintiff his glucose meter and records and other personal property. (Id. at 9.) When Plaintiff stated he needed the meter, Pierce retaliated, telling Defendant John Doe to shackle and cuff Plaintiff, and stating "[Y]ou fucken old bastards live off the system, and then want fucken sympathy because you're ill, fuck that . . . die". (Id.).

Defendant Pierce, "then for no reason, other than to hurt the Plaintiff, roughly [threw] the Plaintiff, who was now cuffed and shackled, into the wall . . . busting the Plaintiff's lip, and [causing his] face to become numb." (Id.). "Defendant Pierce, and Jane Doe both laughed, call[ing] him a "snitch" (Id.) and refusing Plaintiff's request that a nurse be called. (Id. at 10).

-3-

1
2
3

Defendant Pierce told Plaintiff that the Kern County Detention Center has a policy allowing Defendants to take Plaintiff's personal properties and use whatever force feels right. (Id. at 13).

4
5
6

Plaintiff contends Defendants have caused his medical condition and vision to worsen and left a scar over his lip and a chipped tooth. (Id. at 11).

7
8
9

Plaintiff names as Defendants (1) Pierce, Kern County Deputy Sheriff, (2) John Doe, Kern County Deputy Sheriff, (3) Jane Doe, Kern County Deputy Sheriff, (4) Kern County Detention Center. (Id. at 2-3).

10
11

Plaintiff seeks monetary compensation, injunctive relief that his property be returned or replaced, and criminal charges against the Defendants. (Id. at 3, 14).

12
13

**IV.   ANALYSIS**

14

**A.   Pleading Requirements Generally**

15
16
17
18
19
20

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

21
22
23
24
25
26
27

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

**B.    Doe Defendants**

"[A]s a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names." Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D. Cal. July 20, 2010).

Plaintiff must identify how each such named Doe Defendant is liable for a constitutional violation. Dempsey v. Schwarzenegger, 2010 WL 1445460, *2 (N.D. Cal. Apr. 9, 2010); Schrubb v. Tilton, 2009 WL 3334874, *2 (N.D. Cal. Oct. 14, 2009).

Doe Defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute the Defendants' actual names. The burden is on Plaintiff to promptly discover the full names of Doe Defendants. Robinett, 2010 WL 2867696 at *4.

**C.    Municipal Liability**

Plaintiff names the Kern County Detention Center as a Defendant in this action.

A local government is liable under § 1983 only if a constitutional violation "implements or executes a policy statement, ordinance, regulation, or decision officially

adopted and promulgated by that [entity's] officers." Edgerly v. City & Cnty. of San Francisco, 599 F.3d 946, 960 (9th Cir. 2010) (quoting Monell v. Dep't of Social Services, 436 U.S. 658, 690 (1978)). A local government entity will be liable "only where the entity's policies evince a 'deliberate indifference' to the constitutional right and are the 'moving force behind the constitutional violation.'" Id. (quoting Levine v. City of Alameda, 525 F.3d 903, 907 (9th Cir. 2008)). A municipal policy is the "moving force" behind a constitutional violation if it is the proximate cause of the constitutional injury. Van Ort v. Estate of Stanewich, 92 F.3d 831, 837 (9th Cir. 1996).

A policy can be an official policy or one made "by those whose edicts or acts may fairly be said to represent official policy." Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008) (quoting Monell, 436 U.S. at 694). It can also be a "widespread practice that . . . is so permanent and well settled as to constitute a 'custom or usage' with the force of law." Gillette v. Delmore, 979 F.2d 1342, 1348–49 (9th Cir. 1992) (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)).

Plaintiff's  claims against the County of Kern in his First Amended Complaint were dismissed with instructions as to what was necessary to correct deficiencies in that pleading. (Order Dismiss. First Am. Compl., ECF No. 16 at 5:15-6:21). Plaintiff has since added an allegation that Defendant Pierce told him the Kern County Detention Center has a policy that "the Deputy Transport Officer can take and deprive the Plaintiff of his personal properties, and use whatever force that the deputy feels is right." (Second Am. Compl. at 13).

Plaintiff still fails to allege facts suggesting the existence of a policy sufficient to support municipal liability, i.e. a policy duly adopted and promulgated by "Kern County

-6-

officers"; adopted "by those whose edicts or acts may fairly be said to represent official policy" of Kern County; or a widespread practice within Kern County constituting a 'custom or usage' with the force of law." Defendant Pierce's statement alone is not sufficient to suggest municipal liability.

Even if Plaintiff had sufficiently alleged a municipal policy, he fails to allege facts that would support the conclusion that such a policy was the "moving force" behind the alleged rights violation.

Plaintiff fails to state a claim for municipal liability against the Kern County Detention Center.

If Plaintiff chooses to file an amended complaint, he should review the Monell standard for municipal liability and determine whether he can allege sufficient truthful facts to state a claim against the Kern County Detention Center.

### D.    Eighth Amendment - Excessive Force

Plaintiff alleges that Defendant Pierce roughly threw him into a wall while Plaintiff was cuffed and shackled, causing Plaintiff to cut his lip and his face to go numb.[1]

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, —— U.S. ——, ——, 130 S.Ct. 1175, 1178 (2010); Hudson v. McMillian, 503 U.S. 1, 8–9 (1992). The analysis of an excessive force claim brought pursuant to § 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged application of force."

---

[1] Plaintiff's excessive force claim is properly analyzed under the Eighth Amendment, not under either the rubric of substantive due process under the Fourteenth Amendment, County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998); or the Fourth Amendment, which applies to excessive force during the course of an arrest. Graham v. Connor, 490 U.S. 386, 395 (1989).

Graham, 490 U.S. at 394. The Eighth Amendment's prohibition on cruel and unusual punishments applies to incarcerated individuals, such as Plaintiff. Whitley v. Albers, 475 U.S. 312, 318 (1976). To state an Eighth Amendment claim, a plaintiff must allege that the use of force was an "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson, 503 U.S. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9–10.

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 6–7. The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. Whitley, 475 U.S. at 321. The absence of significant injury alone is not dispositive of a claim of excessive force. Wilkens, 130 S.Ct. at 1176–77; see also Felix v. McCarthy, 939 F.2d 699, 702 (9th Cir. 1991) (unprovoked and unjustified attack on prisoner violates constitution regardless of degree of injury).

Plaintiff's alleges that Defendant Pierce threw him into a wall maliciously and without any disciplinary or penological purpose. These allegations, taken as true for purposes of screening, are sufficient to claim excessive force as against Defendant Pierce. The extent of Plaintiff's injuries, including a cut lip resulting in a scar and a chipped tooth and Plaintiff's alleged advanced age strongly suggest the force was more than minimal. See Ali v. Kasprenski, 732 F.Supp.2d 439, 447, (D. Del. 2010) (finding de minimis force where no injury caused); see also Graham v. Florida, 130 S.Ct. 2011, 2031 (2010) ("an [inmate's] age is relevant to the Eighth Amendment"). Plaintiff sufficiently alleges that Pierce used force solely to inflict pain. See Manier v. Cook, 394 F.Supp.2d 1282, 1288 (E.D. Wash. 2005), citing Whitley, 475 U.S. at 322 ("[a]n allegation of cruel and unusual punishment should proceed to trial only if the evidence supports a reliable inference that prison official intended to inflict pain.").

However, Plaintiff does not allege facts sufficient to support an excessive force claim against Defendants John and Jane Doe. The Doe Defendants did not participate in the application of excessive force. The Doe Defendants have no supervisory liability. The Doe Defendants did not have any opportunity to intervene in the force application by Defendant Pierce and thereby prevent or curtail the violation (i.e., enough time to observe what was happening and intervene to stop it). See Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

Plaintiff has stated a cognizable excessive force claim as against Defendant Pierce, but not against the other Defendants. Plaintiff will be given leave to amend this claim. If Plaintiff chooses to amend he must set forth sufficient facts to show each Defendant maliciously and sadistically applied or allowed more than de minimis force

solely to cause harm to Plaintiff.

Plaintiff may find it in his interests to focus his energies on the cognizable excessive force claim against Defendant Pierce rather than spend time and effort trying to state a claim where the Court already has twice found none existed. If Plaintiff notifies the Court he wishes to proceed only on the cognizable claim, service will be effected and Defendant Pierce ordered to file a response.

### E.    Eighth Amendment - Medical Indifference

Plaintiff alleges Defendants denied him his personal blood glucose meter and related records, medical meals and medication, and also denied him access to medical care following the application of excessive force, in deliberate indifference to his serious medical needs.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the

named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06).

1.    Glucose Meter, Medical Meals, Medication

Plaintiff alleges that during the prisoner transport he was deprived of personal blood glucose meter and records. He also makes reference to a possible denial of medical meals and medication during transport.[2]

Plaintiff's allegation of hypertension and diabetes requiring treatment, taken as true on screening, reflects a serious medical need sufficient to satisfy the first prong of deliberate indifference. A failure to provide proper treatment could potentially cause significant injury. See McGuckin, 947 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

However, Plaintiff again fails to allege facts sufficient for the Court to determine

---

[2] Plaintiff's medical indifference claim is properly analyzed under the Eighth Amendment, not under the rubric of substantive due process under the Fourteenth Amendment. County of Sacramento, 523 U.S. at 843.

deliberate indifference under applicable standards. He now adds allegations that Defendant Pierce and John Doe had his medical files; were aware of his medical problems; and were aware he had not been fed and had not received his medication. But Plaintiff again fails to allege any facts suggesting what, if any, medical risks were presented on transport; Defendants' awareness thereof; what the Defendants were required to do pursuant to his chrono, medical orders and treatment plan in order to avoid such medical risks; and how Defendants then acted with deliberate indifference to Plaintiff medical needs. Most significantly, Plaintiff fails to identify any medication and feeding requirements included in Plaintiff's treatment plan, Defendants' awareness thereof,  and Defendants' failure to meet such requirements.

Nor does Plaintiff otherwise allege that during transport he suffered an obvious serious medical need for treatment, that Defendants were aware of such and deliberately refused to provide assistance. Plaintiff's current allegations, taken as true, suggest at most negligence, not deliberate indifference.

2.    Excessive Force Injuries

Plaintiff alleges that following the application of force by Defendant Pierce, his lip was painful and bleeding and his face was numb. He requested a nurse, yet none was called.

Plaintiff fails to allege facts of serious medical need sufficient to satisfy the first prong of deliberate indifference under the above standards. The extent of these alleged injuries and any impairment caused thereby is unclear. Nothing before the Court suggests a degree of bleeding and pain so severe as to constitute a serious need for medical treatment or that a failure to provide proper treatment could potentially cause

significant injury. McGuckin, 947 F.2d at 1059–60. The failure to allege a serious need for treatment of his excessive force injuries precludes any claim of deliberate indifference thereto.

Accordingly, Plaintiff has failed to allege facts plausibly claiming deliberate indifference as to medical care. The Court will give Plaintiff an opportunity to amend to correct the noted deficiencies. If Plaintiff chooses to amend he must set forth sufficient facts claiming in addition to a demonstrated serious medical need, a deliberately indifferent response to that need causing him harm on the part of each Defendant.

### F.   First Amendment - Retaliation

Plaintiff claims Defendants retaliated for his verbal requests that his property be returned and for unspecified medication, by violating his above referenced federal rights.[3]

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against a prisoner (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the prisoner's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005); accord Silva v. DiVittorio, 658 F.3d 1090, 1104 (9th Cir. 2011).

Plaintiff again fails to allege he engaged in conduct protected by the First Amendment. The filing of prison grievances, Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989), the making of oral complaints to prison personnel about

---

[3] There is no indication that Plaintiff utilized the prison grievance process.

prison conditions relating to matters of public concern and designed to effect a change in prison policy, <u>Pearson v. Welborn</u>, 471 F.3d 732, 741 (7th Cir. 2006), and accessing the court for civil rights purposes, <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985), are all actions protected by the First Amendment. Here Plaintiff verbally requested a return of his property, and unspecified medication.[4] He has not alleged that he engaged in protected conduct under the above standards.

Plaintiff has not alleged sufficient facts to satisfy all five elements of a retaliation claim. If Plaintiff chooses to amend, he must set forth sufficient facts showing all five of the above noted elements attributable to each of the Defendants.

## G. **Fourteenth Amendment - Due Process**

Plaintiff alleges Defendants conspired to and did lose or destroy his personal blood glucose meter and related records, receipts, and other property.[5]

The Due Process Clause protects prisoners from being deprived of property without due process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. <u>Hansen v. May</u>, 502 F.2d 728, 730 (9th Cir. 1974).

An authorized,[6] intentional deprivation of property may be actionable under the

---

[4] Plaintiff indicates he requested to see the administrative supervisor (Second Am. Compl.. at 9), this allegation alone is not sufficient to suggest protected conduct.

[5] Plaintiff's property deprivation claim is properly analyzed under the Fourteenth Amendment. "[T]he fourth amendment does not protect an inmate from the seizure and destruction of his property." <u>Taylor v. Knapp</u>, 871 F.2d 803, 806 (9th Cir. 1989).  "This does not mean a prisoner is without redress; it simply means a prisoner's form of redress is through the fifth and fourteenth amendments."  <u>Id.</u>

[6] An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422, 436 (1982); <u>Piatt v. McDougall</u>, 773 F.2d 1032, 1036 (9th Cir. 1985); <u>see also</u> <u>Knudson v. City of Ellensburg</u>, 832 F.2d 1142, 1149 (9th Cir. 1987).

Due Process Clause. Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan, 455 U.S. at 435-36; see also Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). Authorized deprivations of property are not actionable if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987).

Neither negligent nor unauthorized intentional deprivations of property by a governmental employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available". Hudson, 468 U.S. at 533. There is an adequate post-deprivation remedy under California law and therefore, an attempt to pursue a claim under federal law for the negligent or unauthorized deprivation of property fails as a matter of law. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Plaintiff's allegations are conclusory and lack the factual specificity necessary for the Court to apply the above standards.  Significantly, he fails to allege facts suggesting a municipal policy underlying Defendants' action, and the absence of a penological purpose in taking his property during transport.

Plaintiff fails to state a claim for deprivation of property in violation of his Fourteenth Amendment rights. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts claiming an authorized confiscation not reasonably related to a legitimate penological interest, or a valid state tort claim relating to an unauthorized or negligent deprivation subject to supplemental jurisdiction.

## H.   **Americans With Disabilities Act**

Plaintiff alleges Defendants acted in concert to "abuse and humiliate an elderly,

which is in violation of the ADA". (Second Am. Compl. at 12).

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on

the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To

establish a violation of Title II of the ADA, a plaintiff must show that (1)[he] is a qualified

individual with a disability; (2) [he] was excluded from participation in or otherwise

discriminated against with regard to a public entity's services, programs, or activities;

and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303

F.3d at 1052.

Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of

Corrections v. Yeskey, 524 U.S. 206 (1998); see also Armstrong v. Wilson, 124 F.3d

1019, 1023 (9th Cir. 1997); see also Duffy v. Riveland, 98 F.3d 447, 453–56 (9th Cir.

1996).

"To recover monetary damages under Title II of the ADA, a plaintiff must prove

intentional discrimination on the part of the defendant," and the standard for intentional

discrimination is deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138

(9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a

federally protected right is substantially likely, and a failure to act upon that likelihood."

Id. at 1139. In the ADA context, a plaintiff must both "identify 'specific reasonable' and

'necessary' accommodations that the state failed to provide" and show that defendant's

failure to act was "a result of conduct that is more than negligent, and involves an

element of deliberateness." Id. at 1140.

The "alleged deliberate refusal of prison officials to accommodate [a prisoner's] disability-related needs in such fundamentals as ... medical care ... constitutes exclusion from participation in or ... denial of the benefits of the prison's services, programs, or activities." United States v. Georgia, 546 U.S. 151, 157 (2006).

Plaintiff is a qualified individual with a disability. Diabetes qualifies as a disability under the ADA. Payne v. Arizona, 2012 WL 1151957 at *4 (D. Ariz. April 5, 2012).

However, Plaintiff fails to allege facts showing he was denied access to medical treatment in the form of medical meals and medication. "Whether and when the ADA supports claims by prisoners regarding a prison's medical and nutritional services is a close question that turns on distinguishing actionable claims of 'denial of medical treatment' from non-actionable claims of mere inadequate or negligent medical treatment." Payne, 2012 WL 1151957 *6; see also Kiman v. N.H. Dep't of Corr., 451 F.3d 274, 284 (5th Cir. 2012) (noting courts have "differentiated ADA claims based on negligent medical care from those based on discriminatory medical care").

Plaintiff's predicate medical deliberate indifference claim fails for the reasons stated above. Plaintiff does not allege facts plausibly claiming Defendants' denial of medical treatment in deliberate indifference to Plaintiff's serious medical needs. See e.g., Payne, 2012 WL 1151957 at *7 (denial of prescribed diabetic meals for 11 months, where plaintiff made repeated requests which defendant ignored without explanation sufficient to state ADA claim).

Mere "[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation[.]" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)).

Plaintiff fails to allege facts sufficient to state a claim for failure to accommodate under the ADA. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts plausibly claiming the above noted elements attributable to each Defendant.

## I.   **Conspiracy**

Plaintiff alleges Defendants Pierce, John Doe and Jane Doe conspired in the alleged rights violations "because neither [John or Jane Doe] did anything to prevent the abuses [of Defendant Pierce] they were witnessing. (Second Am. Compl. at 6).

Conspiracy under § 1983 merely provides a mechanism by which to plead or prove a constitutional or statutory violation. Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1980). Although conspiracy claims are actionable under § 1983, "it is necessary that there have been, besides the agreement, an actual deprivation of a right secured by the Constitution and laws." Landrigan 628 F.2d at 742. A pro se complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights will not withstand a motion to dismiss. Zemsky v. City of New York, 821 F.2d 148, 152 (2nd Cir. 1987).

There are no facts pled to support a cognizable claim for conspiracy to violate Plaintiff's constitutional rights. Plaintiff's bare allegation that Defendants conspired to commit various violations is devoid of any suggestion of facts which might conceivably support it. Plaintiff's failure to intervene claim is deficient for the reasons state above. It can not serve are the predicate to a conspiracy claim.

Plaintiff will be given leave to amend this claim, but may be better served by concentrating on his other claims. Otherwise, he must set forth allegations of fact which

would support the claim of conspiracy.

J.   **Injunctive Relief**

Plaintiff seeks injunctive relief that his property be returned or replaced.[7]

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. (citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008)).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Here Plaintiff is no longer in the custody of Defendants, such that injunctive relief is moot unless, as is not the case here, there is an expectation that Plaintiff will be returned to their custody. Preiser v. Newkirk, 422 U.S. 395, 402–03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); see also Andrews v. Cervantes, 493 F.3d

---

[7] Plaintiff may not seek relief against Defendants under federal criminal statutes. 28 U.S.C. § 547 (stating that the United States Attorney "shall prosecute for all offenses against the United States"); See Ivey v. National Treasury Employees Union, No. 05–1147(EGS), 2007 WL 915229, *5 (D.D.C. Mar.27, 2007); see also Figueroa v. Clark, 810 F.Supp. 613, 615 (E.D.Pa. 1992) (plaintiff "cannot bring criminal charges against defendants through a private lawsuit,").

1047, 1053, n.5 (9th Cir. 2007). The harm alleged here does not "fall within that category of harm 'capable of repetition, yet evading review,'". Preiser, 422 U.S. 395 at 403 (quoting Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515 (1911)).

Plaintiff has not demonstrated that he will succeed on the merits of his Fourteenth Amendment property deprivation claim for the reasons stated above.

Nothing in his pleading suggests real and immediate threat of injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.") Nothing before the Court suggests Plaintiff is under any real and immediate threat of injury, or that the balancing of equities and public interest weighs in his favor.

Plaintiff's allegations do not support an entitled to injunctive relief. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing injunctive relief is not moot, as well as the above noted elements.

## V.   CONCLUSION AND ORDER

Plaintiff's Second Amended Complaint states a cognizable Eighth Amendment excessive force claim against Defendant Pierce, but no other claim. The Court will provide Plaintiff with **one final opportunity** to file an amended complaint curing deficiencies which Plaintiff believes, in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448–49 (9th Cir.1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)

(no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only against Defendant Pierce on his Eighth Amendment excessive force claim, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claim. Plaintiff's other claims and Defendants named thereon will then be dismissed, and the Court will provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated on Defendant Pierce.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Iqbal, 556 U.S. at 677-87. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555. An amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading". Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff (1) a blank civil rights amended Complaint form, and (2) a copy of his Second Amended Complaint filed September 25, 2012,

2.      Within thirty (30) days from the date of service of this order, Plaintiff must

either:

    a.      File an amended complaint curing the deficiencies identified by the

            Court in this order, or

    b.      Notify the Court in writing that he does not wish to file an amended

            complaint and he is willing to proceed only against Defendant Pierce

            on his Eighth Amendment excessive force claim, and

3.      If Plaintiff fails to comply with this order, this action will be dismissed,

without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:   November 10, 2012          /s/ *Michael J. Seng*

                          UNITED STATES MAGISTRATE JUDGE