# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ERNEST ALONSO-PRIETO,<br><br>    Plaintiff,<br><br>  v.<br><br>B. PIERCE, et al.,<br><br>    Defendants. | Case No. 1:11-cv-00024-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS DENYING DEFENDANT'S MOTION TO DISMISS ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>**(ECF No. 32)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS** |

Plaintiff Raul Ernest Alonso-Prieto is a former federal prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). This matter proceeds on the second amended complaint excessive force claim against Defendant Pierce.

Defendant Pierce has moved to dismiss the action under the unenumerated provisions of Federal Rule of Civil Procedure 12(b) for failure to exhaust administrative remedies. The matter has been fully briefed and is now ready for ruling.[1] Local Rule 230(*l*).

**I.    LEGAL STANDARD**

---

[1] Defendant's untimely supplemental reply (ECF No. 45) and Plaintiff's sur-reply and supplement to sur-reply (ECF Nos. 47 & 48), though unauthorized, have been considered.

1

### A. 12(b) Motion to Dismiss for Failure to Exhaust

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the exhaustion of remedies is required, regardless of the relief sought by the prisoner, as long as the administrative process can provide some sort of relief on the prisoner's complaint. Booth v. Churner, 532 U.S. 731, 741 (2001). To properly exhaust administrative remedies, a prisoner must comply with the deadlines and other applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 93 (2006).

The exhaustion requirement of § 1997e(a) is not a pleading requirement, but rather an affirmative defense. Defendants have the burden of proving plaintiff failed to exhaust the available administrative remedies before filing a complaint in the district court. Jones, 549 U.S. at 216. A motion raising a prisoner's failure to exhaust the administrative remedies is properly asserted by way of an unenumerated motion under Federal Rule of Civil Procedure 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003); Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998).

In determining whether a case should be dismissed for failure to exhaust administrative remedies, "the court may look beyond the pleadings and decide disputed issues of fact" in a procedure that is "closely analogous to summary judgment." Wyatt, 315 F.3d at 1119–20. When the court concludes the prisoner has not exhausted all of his available administrative remedies, "the proper remedy is dismissal without prejudice." Id.

### II. ARGUMENTS

### A.  Defendant's Position

Plaintiff was housed at the Lerdo Pre-Trial Facility ("Lerdo"), operated by the Kern County Sheriff's Department ("KCSD"), when Defendant KCSD Deputy Pierce allegedly used excessive force against him on November 2, 2010.[2]

KCSD has a grievance process adopted pursuant to Title 15.[3] Thereunder prisoners must grieve conditions of confinement and actions of staff in writing within ten days of the incident, and through two levels of administrative review.[4]

A video describing the KCSD grievance process is broadcast to inmates during orientation and daily thereafter. Inmates also are given an orientation handbook describing the process. Plaintiff followed the procedure when he grieved an unrelated matter on October 26, 2010, so he was aware of it.

Plaintiff transferred from Lerdo to Bureau of Prisons ("BOP") custody on November 4, 2010. Plaintiff did not file a grievance with KCSD, either while at Lerdo or after transfer to BOP custody.

Plaintiff filed a BOP grievance on November 23, 2010.[5] The BOP rejected it on November 29, 2010, on grounds Plaintiff was not in BOP custody when the incident occurred. The BOP, in its rejection notice, suggested Plaintiff contact "the County Commissioners in that [Kern] County."

Plaintiff mailed a December 15, 2010 letter to Kern County Commissioners, a body which does not exist, complaining of the incident with Pierce. The letter included the postscript "Cc, Kern County Sheriff's Office, 1350 Norris Road, Bakersfield, CA 93308-2231." This is the correct address for KCSD. However, the letter was not mailed to or received by KCSD.

### B.  Plaintiff's Position

---

[2] Plaintiff elsewhere alleges the incident occurred on November 4, 2010. (ECF No. 39, at 3:11-12; BOP grievance appeal No. 12-2010-02; December 15, 2010 letter.)

[3] See Cal. Code Regs. tit.15 § 1073, which provides for grievance procedure at local detention facilities.

[4] A late claim may be considered if there is good cause for delay in filing.

[5] BOP grievance number 12-2010-01.

3

Plaintiff claims his transfer shortly after the incident prevented him from grieving with KCSD. The unavailability of the KCSD grievance process, coupled with the fact he was a federal contract inmate at Lerdo and received medical treatment at the BOP facility for injuries caused by Pierce, supported his filing a BOP grievance.

When the BOP rejected his grievance, he followed BOP's suggestion and sent the December 15th letter to the Kern County Commissioners. He received no response to the December 15th letter. (ECF No. 39 at 17 ¶ 2.) This, according to Plaintiff waived any further exhaustion requirement.

Plaintiff also claims that the PLRA exhaustion requirement is unconstitutional; that Defendant's motion is untimely because it was filed after the answer; and that his ability to exhaust was impaired by Defendant's failure to respond to unspecified discovery.

### III. ANALYSIS

Plaintiff filed this action on January 6, 2011. To have properly exhausted his excessive force claim against Pierce, he must have submitted a grievance of the incident to KCSD and obtained a second level decision prior to January 6, 2011, Woodford, 548 U.S. at 85–86 (2006); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002), or demonstrated that proper exhaustion was effectively unavailable. See Nunez v, Duncan, 591 F.3d 1217, 1223-26 (9th Cir. 2010) (exhaustion not required when circumstances render administrative remedies "effectively unavailable."). For the reasons discussed below, the Court concludes Plaintiff failed to exhaust KCSD administrative remedies because they were effectively unavailable to him.

### A. Plaintiff was Required to Exhaust with KCSD

Plaintiff's claim arose at Lerdo and is against Defendant Pierce, an officer of KCSD, the local agency operating Lerdo. PLRA exhaustion is intended to allow the agency responsible for the claimed error, here KCSD, an opportunity to correct its own mistakes with respect to programs it administers before litigation is initiated. See Woodford, 548 U.S. at 89. It is undisputed KCSD had in place a written grievance process. Plaintiff filed an unrelated grievance while at Lerdo and was presumptively familiar with the KCSD process.

Nothing before the Court suggests the BOP had responsibility for and jurisdiction over Plaintiff's claim or that Plaintiff asserted a claim against BOP. Plaintiff was expressly advised his claim was outside BOP purview via the BOP's November 29, 2010 notice rejecting his grievance.

Plaintiff argues that BOP's medical treatment of injuries inflicted by Pierce allowed him to grieve his instant excessive force claim with BOP. However, the alleged use of force by KCSD deputy Pierce occurred at Lerdo. Plaintiff's medical indifference claim, lodged against KCSD Defendants and previously dismissed by the Court (ECF No. 25), is not a basis to grieve with the BOP.

Even if the BOP grievance procedure was applicable, Plaintiff did not exhaust it. Plaintiff's BOP grievance appeal was still pending when this litigation was filed. (See ECF No. 39 at 13.)

### B.  KCSD Remedies Were Unavailable, Excusing Failure to Exhaust[6]

When a defendant raises PLRA exhaustion as a defense, and plaintiff provides a plausible argument in response, it is suggested the district court follow a three-step inquiry, under which the court must determine (1) whether administrative remedies were in fact available, (2) whether defendants waived the defense by not raising or preserving it or are estopped from raising the defense based on their own behavior, such as inhibiting an inmate from grieving, and (3) whether there are any special circumstances that may justify a failure to exhaust. Veloz v. New York, 339 F.Supp.2d 505, 513 (S.D.N.Y. 2004).

#### 1.  No Exhaustion of KCSD Remedies

To timely grieve under the KCSD procedure, Plaintiff would have had to file a written grievance within ten days of Defendant's alleged application of force. (ECF No. 32-2 at 12.). Plaintiff did not file a written grievance with KCSD. Neither his November 23, 2010 BOP grievance nor his December 15, 2010 letter to Kern County officials was directed to or received by KCSD. (ECF No. 43.) Plaintiff did not properly exhaust KCSD remedies prior to his January 6, 2010 filing of this action.

---

[6] The Court declines to reach the balance of parties' arguments and expresses no opinion thereon.

5

### 2. KCSD Remedies Effectively Unavailable

Plaintiff claims his transfer shortly after the incident prevented his grieving with KCSD. The incident with Defendant occurred no earlier than November 2, 2010 (ECF No. 17 at 7; ECF No. 39 at 12) and no later than November 4, 2010. (ECF No. 39 at 13-14.) On November 4, 2010, Plaintiff was transferred from KCSD custody at Lerdo to BOP custody at Reeves County Detention Center in Texas. (See ECF No. 32-2 at 7; ECF No. 39 at 14.)

Defendant notes, correctly, that in some cases transfer away from a facility where a claim arises may not excuse PLRA exhaustion requirements imposed by the transferor. Courts have found that where a plaintiff had an opportunity to meaningfully pursue the grievance while incarcerated at the facility where the grievance arose, the failure to exhaust those remedies was not excused by the plaintiff's transfer to a different facility. See e.g., Santiago v. Meinsen, 89 F.Supp.2d 435, 441 (S.D.N.Y. 2000) (requiring exhaustion despite plaintiff's transfer to another facility). The rationale for not granting an exception to administrative exhaustion in these cases was that a plaintiff should not be "rewarded" for failing to participate in grievance procedure before being transferred. Hartry v. County of Suffolk, 755 F.Supp.2d 422, 433 (E.D.N.Y. 2010); see also Miles v. Cnty. of Broome, No. 04–CV–1147, 2006 WL 561247, at *6 (N.D.N.Y. March 6, 2006) ("Plaintiff was not transferred . . . until after he had the opportunity to file a grievance."). However, this analysis is not applicable here.

Plaintiff was transferred out of Lerdo within two days of the incident with Defendant Pierce. Defendant has not demonstrated that Plaintiff had a meaningful opportunity to pursue the KCSD administrative remedy during those two days (at most) while still at Lerdo. See e.g., Hartry, 755 F.Supp.2d at 432 (inmate's transfer to a new prison within two days of attack by another inmate made administrative remedies effectively unavailable); Muller v. Stinson, No. 99–CV–0624, 2000 WL 1466095, at *2 (N.D.N.Y. Sept. 25, 2000) ("If [plaintiff] did not have an opportunity to avail himself of the grievance procedure because of his transfer, then he is not required to exhaust his administrative remedies.").

1    Defendant also fails to demonstrate that Plaintiff had a meaningful opportunity to file
2  a timely KCSD claim after he entered BOP custody. It is unclear how long Plaintiff was in
3  transit and when he was so situated at the BOP transferee facility that he could realistically
4  have filed a written grievance. That Plaintiff did not file his BOP grievance until November
5  23, 2010 suggests delay beyond the ten day window established by the KCSD grievance
6  procedure.
7    There is no indication Plaintiff was provided with effective guidance on post-transfer
8  grievance filing. Defendant does not show that KCSD procedure allows for post-transfer
9  grieving. After Plaintiff attempted to grieve with the BOP, he appears to have followed
10 BOP's suggestion that he lodge his claim with Kern County Commissioners. Plaintiff may
11 have believed, based on BOP's suggestion and lack of response to his December 15th
12 letter, that the opportunity to exhaust pursuant to KCSD grievance policy was not available.
13   Defendant has not shown this to be a case where the KCSD grievance procedure
14 was available to Plaintiff and that he nonetheless failed to pursue it. Rather it appears
15 Plaintiff attempted to grieve but was prevented from doing so by circumstances relating to
16 his transfer. Exhaustion may be excused where prisoner took reasonable and appropriate
17 steps but was precluded by prison staff and through no fault of his own. Sapp v. Kimbrell,
18 623 F.3d 813, 822-23 (9th Cir. 2010); cf., Alexander v. Tippah County, Miss., 351 F.3d 626,
19 630 (5th Cir. 2003) (state prisoner's failure to pursue available administrative remedy
20 precluded his § 1983 action alleging excessive use of force where prisoner had opportunity
21 to file grievance, but chose not to).

22 **IV.    CONCLUSIONS AND RECOMMENDATIONS**

23   Defendant has not shown that KCSD administrative remedies were other than
24 effectively unavailable to Plaintiff because of his transfer from KCSD custody shortly after
25 the incident, and that Plaintiff's Eighth Amendment excessive force claim is barred by the
26 PLRA exhaustion requirement.
27   Accordingly, for the reasons stated above the undersigned RECOMMENDS that
28 Defendant Pierce's motion to dismiss filed June 14, 2013 (ECF No. 32) should be DENIED.

7

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 22, 2014         /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE