# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ERNEST ALONSO-PRIETO,<br><br>             Plaintiff,<br><br>     v.<br><br>B. PIERCE, et al.,<br><br>             Defendants. | Case No. 1:11-cv-00024-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF**<br><br>**(ECF No. 57)** |

Plaintiff Raul Ernest Alonso-Prieto is a former federal prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971). This matter proceeds on an excessive force claim against Defendant Pierce.

Before the Court is Plaintiff's motion seeking miscellaneous relief. It seeks discovery sanctions, a stay of discovery and a stay of the action, and reconsideration of the Court's January 30, 2014 order denying his January 29, 2014 motion to modify discovery.

## I.    COMPELLING DISCOVERY / SANCTIONS

Plaintiff claims that Defendant did not respond to his discovery requests for a surveillance video. He wants the non-response deemed an admission that the video does not exist.

Courts in the Eastern District of California have required, "at a minimum, [that] the moving party plaintiff has the burden of informing the court (1) which discovery requests are

the subject of his motion to compel, (2) which of the defendant's responses are disputed, (3) why he believes the defendant's responses are deficient, (4) why the defendant's objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action." *Walker v. Karelas*, 2009 WL 3075575, at *1 (E.D. Cal. Sep.21, 2009); *Brooks v. Alameida*, 2009 WL 331358, at *2 (E.D. Cal. Feb.10, 2009).

Plaintiff has not complied with these requirements. He offers only the argument of his "next friend", C.A. Powell. He fails to inform the Court which discovery requests, properly served, are the subject of the motion to compel. He does not address the other requirements of a discovery motion. *Grabek v. Dickinson*, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Womack v. Virga*, 2011 WL 6703958, at *3 (E.D. Cal. Dec.21, 2011); see also Rules 5, 7, 11, 26-37 of the Federal Rules of Civil Procedure and Rules 110, 130, 131, 133, 135, 142, 144, 230(l) and 251 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Additionally, the deadline to complete discovery and bring discovery motions expired March 10, 2014. (ECF No. 52.) A motion to extend discovery must include a showing of good cause, reasons why discovery could not have been completed prior to expiration of the deadline and a statement of the amount of time needed to complete discovery. Fed. R. Civ. P. 26(b); ECF No. 30, ¶ 11.

Plaintiff has not demonstrated a need for and entitlement to an order compelling discovery and imposing discovery sanctions.

## II.   STAY

Plaintiff wants to stay the taking of his deposition and the entire action because he is in Canada on a family emergency until February 2015, and because of Defendant's alleged refusal to respond to his discovery requests.

"The district court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997), citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "The proponent of the stay bears the burden of establishing its need." *Id.* at 706. The Court considers the following factors

when ruling on a request to stay proceedings: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972), quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Plaintiff's mere assertion that he is out of the county and unavailable due to family emergency is not alone sufficient to stay discovery and the action. See *Young v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000) (strength of justification for stay should balance length of any stay granted). A yearlong event suggests anything but an emergency.

Additionally, staying this action would create a risk of prejudice to the Defendant. "[D]elay inherently increases the risk that witnesses' memories will fade and evidence will become stale". *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999); see *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976) (a presumption of injury arises from delay in resolving an action). Delay also disrupts the Court's schedules.

Plaintiff is obliged to diligently prosecute this action. Failure to do so will result in dismissal.

## III.   RECONSIDERATION

Plaintiff asserts the Court's January 30, 2014 order denying his January 29, 2014 motion modifying discovery (sic) was in error; that what the Court believed to be an improperly filed discovery request was actually a sufficient (for a pro per) motion to compel further responses.

The Court may relieve a party from an order for any reason that justifies relief. Fed. R. Civ. P. 60(b)(6). This relief is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). Furthermore, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what

other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

Here Plaintiff's does not demonstrate any error of fact or law in the January 30th order. He is referred to that order (ECF No. 55) for the specific reasons relief was denied, which can be summarized as uncertainty whether the subject discovery was served on Defendant, whether Defendant had responded and if so how, and why further responses were appropriate.

## IV.   PRO SE REQUIREMENTS

Plaintiff purports to appear by and through his "next friend", C.A. Powell. Some of Plaintiff's submittals appear to have been signed by Mr. Powell.

Plaintiff proceeds pro se in this action. He must represent himself. He may not act through another who is not his attorney. Fed. R. Civ. P. 83; Local Rule 183.

Additionally, Plaintiff must keep the Court apprised of his current address. Local Rule 183(b). He uses a Canadian address in this motion. It is not clear if that is his current address or the South Gate, California address of record.

Failure to comply with these requirements may result in appropriate sanction including dismissal.

## V.   ORDER

Accordingly, for the reasons stated, Plaintiff's motion seeking miscellaneous relief (ECF No. 57) is DENIED.

IT IS SO ORDERED.

Dated:   __May 9, 2014__                    /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE