# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ERNEST ALONSO-PRIETO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>B. PIERCE, et al.,<br><br>　　　　　Defendants. | Case No. 1:11-cv-00024-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 59)** |

Plaintiff is a former federal prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971). This matter proceeds on an excessive force claim against Defendant Pierce. The pretrial conference is scheduled for December 1, 2014. Trial is scheduled for January 13, 2015.

Before the Court is Plaintiff's May 29, 2014 motion for reconsideration of the Court's May 9, 2014 order (ECF No. 58). That order denied Plaintiff miscellaneous relief relating to discovery, denied his request to stay the action[1], and denied his request to appear in the action through a non-attorney "next friend."

## I.　LEGAL STANDARD

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that

---

[1] Plaintiff sought a stay while he remained in Canada caring for his sick mother. According to defense counsel, Plaintiff is not in Canada, but in federal custody in Texas. (ECF No. 63.) Plaintiff has not responded to this latter claim.

1

justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

## II.   DISCUSSION

Plaintiff disagrees with the Court's May 9th order because (1) third party, Mr. Powell, who acts as his secretary pursuant to power of attorney, should be allowed to represent him in this action; (2) Defendant ignored his discovery requests; (3) liberal construal is accorded pro se litigants; (4) Defendant did not make Rule 26 initial disclosures;[2] (5) he had no access to Local Rules while in custody and will not now comply therewith unless the Court furnishes the Rules; (6) his mother suffered a cardiac event in February 2014 and was hospitalized and is convalescing in Canada where he remains attending to her and her affairs.

Plaintiff's arguments not demonstrate any error of fact or law in the May 9, 2014 order. He is referred to that order (ECF No. 58) to review the specific reasons why the Court ruled as it did. Plaintiff simply reasserts arguments he made in support of the motion denied by the May 9th order. This is not grounds for reconsidering the Court's ruling.

Although Plaintiff proceeds pro se in this action, he is obligated to diligently prosecute it. He must represent himself. He may not act through another who is not his attorney. Fed. R. Civ. P. 83; Local Rule 183. He must keep the Court apprised of his current address. Local Rule 183(b). Failure to comply with these requirements will result in dismissal.

If Plaintiff believes he needs and is entitled to additional discovery he may motion the Court to reopen discovery and modify scheduled deadlines. Any such motion should

---

[2] This action is exempt from Rule 26 initial disclosure. See Fed. R. Civ. P. 26(a)(1)(B)(iv).

1  specifically explain what is needed, why it is relevant to this action and reasonably
2  calculated to lead to the discovery of admissible evidence, why discovery was not
3  completed prior to the deadline, and why there is good cause to modify current scheduling.

4  **III.    ORDER**

5      Accordingly, for the reasons stated, Plaintiff's motion seeking reconsideration of the
6  Court's May 9, 2014 order (ECF No. 59) is DENIED.

7  IT IS SO ORDERED.
8

9      Dated:   June 30, 2014                    /s/ *Michael J. Seng*
10                                                    UNITED STATES MAGISTRATE JUDGE