**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ERNEST ALONSO-PRIETO,<br><br>    Plaintiff,<br><br>    v.<br><br>B. PIERCE, et al.,<br><br>    Defendants. | Case No. 1:11-cv-00024-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL, FOR RECONSIDERATION, RECUSAL, AND TRANSFER OF VENUE**<br><br>**(ECF Nos. 69 & 70)**<br><br>**ORDER TAKING UNDER SUBMISSION PLAINTIFF'S MOTION TO DISMISS ACTION AND DIRECTING DEFENDANT TO RESPOND WITHIN FOURTEEN DAYS**<br><br>**(ECF Nos. 69 & 70)** |

Plaintiff is a former federal prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971). This matter proceeds on an excessive force claim against Defendant Pierce.

Pursuant to the Court's scheduling orders, discovery closed on December 16, 2013 (ECF No. 30); dispositive motions were due by February 24, 2014 (Id.); the pretrial conference is set for December 1, 2014 (ECF No. 60); and trial is set for January 13, 2015. (Id.)

Before the Court are Plaintiff's October 16, 2014 motions to compel discovery, reconsider orders denying discovery, recuse the undersigned for bias, transfer venue, and

1

voluntarily dismiss this action.

## I.    MOTION TO COMPEL DISCOVERY

The Court twice denied Plaintiff's motions to compel discovery responses because of procedural deficiencies. (See ECF Nos. 55, 58.) The specific reasons and procedural requirements are set out in the orders denying relief.

The Court also denied reconsideration of the above orders. (See ECF Nos. 58, 65.) Plaintiff was advised of the reasons why reconsideration was denied. He was specifically advised that:

> If [he] believes he needs and is entitled to additional discovery he may motion the Court to reopen discovery and modify scheduled deadlines. Any such motion should specifically explain what is needed, why it is relevant to this action and reasonably calculated to lead to the discovery of admissible evidence, why discovery was not completed prior to the deadline, and why there is good cause to modify current scheduling.

(See ECF No. 65 at 2:26-3:3.)

Plaintiff has not moved to reopen discovery. The instant motions repeat, but do not correct, deficiencies previously noted by the Court. The Court remains unaware of what discovery was served on Defendant, when it was served, how Defendant responded, why Defendant's responses are believed to be insufficient, and why Plaintiff failed to move to compel further responses prior to the discovery close date.

Nothing in the instant motions justifies further discovery.

## II.   MOTION FOR RECONSIDERATION OF DISCOVERY ORDERS

To the extent Plaintiff seeks another reconsideration of the Court's discovery orders, he presents no new or different facts or extraordinary circumstances warranting reconsideration. See Fed. R. Civ. P. 60(b)(6); *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown

2

upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." Plaintiff makes no such showing.

Plaintiff's repeat of the same-argument does not demonstrate any error of fact or law in the above discovery orders or any basis for reconsideration.

### III.     MOTION TO RECUSE MAGISTRATE JUDGE

Plaintiff maintains the undersigned "has illustrated severe bias" by holding him, a pro se, to the same standards as an attorney. (ECF No. 69 at 10:1-5.)

Under 28 U.S.C. § 144, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144; see *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008); *U.S. v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010). Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. *Id.*, citing inter alia *United States v. Azhocar*, 581 F.2d 735, 738-40 (9th Cir. 1978).

Under 28 U.S.C. § 455(a), "[a]ny . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Pesnell*, 543 F.3d at 1043. Section 455(b) provides in relevant part, "[h]e shall also disqualify himself in the following circumstances: [w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). A motion under section 455 is addressed to, and must be decided by, the very judge whose impartiality is being questioned." *Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994). "Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge." *Id.*, quoting *United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985).

Under both recusal statutes, the substantive standard is "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."[1] *Pesnell*, 543 F.3d at 1043, quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir.1997). However, the bias must arise from an extrajudicial source and cannot be based solely on information gained in the course of the proceedings. *Id.*, citing *Liteky v. United States*, 510 U.S. 540, 554-56 (1994). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *In re Focus Media, Inc.*, 378 F.3d 916, 930 (9th Cir.2004), quoting *Liteky*, 510 U.S. at 555). "In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.*

Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555; *Pesnell*, 543 F.3d at 1044. "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger" are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration. *Liteky*, 510 U.S. at 555–56; *Pesnell*, 543 F.3d at 1044. Judicial rulings may support a motion for recusal only "in the rarest of circumstances." *Liteky*, 510 U.S. at 555.

Plaintiff's motion to recuse is unsupported by any affidavit. It reflects nothing more than disagreement with the Court's orders. The assertion that the undersigned did not liberally construe pro se filings is not alone a basis for recusal. *Liteky*, 510 U.S. at 554-56. There is a "presumption of honesty and integrity in those serving as adjudicators." *Caperton*

---

[1] Although § 144 applies only to District Court Judges, not Magistrate Judges, "[b]ecause the grounds for disqualification in § 455 and § 144 are similar, they may be considered together." *United States v. Faul*, 748 F.2d 1204, 1210 (8th Cir. 1984).

*v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 891 (2009), citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). Plaintiff has provided no facts suggesting a deep-seated, or any, favoritism on the part of the undersigned such as to make fair judgment impossible.

Plaintiff does not support his motion to recuse the undersigned.

## IV.     MOTION TO TRANSFER VENUE

Plaintiff alternatively requests that if discovery relief is denied, the case should be transferred to the U.S. District Court for the Central District of California, and then stayed until Defendant responds to discovery.

Under 28 U.S.C. § 1391(b), venue is proper in this Court because the Defendant was employed at, and Plaintiff's claim arose at the Kern County Detention Center in Bakersfield, California, which is located in the Eastern District of California.[2] (ECF No. 17.)

Plaintiff's claim of bias and does not justify transfer of the action.

## V.      MOTION FOR VOLUNTARY DISMISSAL

Plaintiff alternatively requests that, should discovery relief be denied, the matter be dismissed without prejudice.

Where defendant has appeared in the action by filing an answer, plaintiff may dismiss the action only by stipulation signed by all parties who have appeared, Fed. R. Civ. P. 41(a)(1)(ii), or court order on terms the court considers proper. Fed. R. Civ. P. 41(a)(2).

Here the Defendant has filed an answer (ECF No. 29.) No stipulation for dismissal signed by Defendant is before the Court.

The Court will direct Defendant to file and serve a response to Plaintiff's dismissal

---

[2] The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

motion, advising if Defendant stipulates to dismissal as proposed. The motion will be held under submission pending Defendant's response.

**VI.   ORDER**

For the reasons stated, it is HEREBY ORDERED that:

1. Plaintiff's motions to compel discovery and for reconsideration, recusal and transfer of venue (ECF Nos. 69, 70) are DENIED,

2. Defendant is directed to file, within fourteen days following entry of this order, a response to Plaintiff's dismissal motion (ECF Nos. 69 & 70), advising if Defendant stipulates to dismissal as proposed, and

3. Plaintiff's dismissal motion (ECF Nos. 69 & 70) is taken under submission pending Defendant's above response.

IT IS SO ORDERED.

Dated:   October 30, 2014           /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE