UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ERNEST ALONSO-PRIETO,<br><br>    Plaintiff,<br><br>    v.<br><br>B. PIERCE,<br><br>    Defendant. | CASE NO. 1:11-cv-0024-MJS<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDER**<br><br>**(ECF NO. 60)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

   Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this this civil rights action brought pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). (ECF No. 1.)  This action proceeds on Plaintiff's second amended complaint (ECF No. 17) against Defendant Pierce for excessive force in violation of the Eighth Amendment. (ECF Nos. 21, 25.)

   On May 30, 2014, the Court issued a second scheduling order, requiring Plaintiff to file and serve a pretrial statement on or before November 3, 2014. (ECF No. 60.) On October 16, 2014, Plaintiff filed a motion to compel discovery or, alternatively, to dismiss this action without prejudice. (ECF No. 70.) The Court denied the motion to compel, took under submission the motion to dismiss, and ordered Defendant to respond as to

1

whether he would stipulate to dismissal as proposed by Plaintiff. (ECF No. 71.) Defendant objected to dismissal without prejudice. (ECF No. 72.) Plaintiff's reply is still pending. The deadline for Plaintiff to file a pretrial statement has passed without Plaintiff filing his statement or seeking an extension of time to do so.

Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A)(v) allow the Court to dismiss an action for failure to obey a scheduling or other pretrial order. Additionally, Rule 41(b) and Local Rule 110 allow for dismissal for failure to comply with any order of the Court. A district court must weight five factors in determining whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987).

Here, the first two factors clearly support dismissal. Plaintiff's failure to timely file a pretrial statement creates the possibility that the scheduled telephonic trial confirmation hearing and trial will be postponed, impeding resolution of this case.

Plaintiff's conduct also is likely to prejudice Defendant, whose time to file a responsive pretrial statement may be shortened. Additionally, Plaintiff has not provided an explanation to excuse his failure to comply with the Court's order. His pending motion to dismiss does not excuse his conduct. Accordingly, the third factor also weights in favor of dismissal. See id. at 131 ("Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default.")

The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and

likely is unable to pay, making monetary sanctions of little use. Dismissal without prejudice would hardly constitute a sanction given Plaintiff's motion (ECF No. 70) seeking same.

Accordingly, it is HEREBY ORDERED THAT:

1. Within fourteen (14) days of service of this order, Plaintiff shall either show cause as to why his case should not be dismissed for failure to comply with the Court's second scheduling order (ECF No. 60), or file a pretrial statement; and

2. If Plaintiff fails to show cause or file a pretrial statement, this action may be dismissed with prejudice for failure to obey a court order.

IT IS SO ORDERED.

Dated:   November 17, 2014          /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE