# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ERNEST ALONSO-PRIETO, | Case No. 1:11-cv-00024-MJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION |
| v. | (ECF NO. 75) |
| B. PIERCE, et al., | |
| Defendants. | |

Plaintiff is a former federal prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971). This matter proceeds on an excessive force claim against Defendant Pierce.

Pursuant to the Court's scheduling orders, discovery closed on December 16, 2013 (ECF No. 30); dispositive motions were due by February 24, 2014 (Id.); the pretrial conference is set for December 11, 2014 (ECF No. 74); and trial is set for January 13, 2015. (ECF No. 60.)

Before the Court is Plaintiff's November 20, 2014 motion for clarification. The motion seeks reconsideration of the Court's October 30, 2014 order denying Plaintiff's

1

motions to compel discovery, reconsider orders denying discovery, recuse the undersigned for bias and transfer venue, and taking under submission Plaintiff's motion to voluntarily dismiss this action. Defense counsel filed a declaration in response to the instant motion. Plaintiff did not reply. The matter is deemed submitted for ruling. Local Rule 230(*l*).

I.  **DISCUSSION**

   **A.   Discovery**

Plaintiff seeks further reconsideration of denial of his discovery motions.

Plaintiff argues his pro se discovery motions were not liberally construed, Fed. R. Civ. P. 26; *Haines v. Kerner*, 404 U.S. 519 (1972), and should have granted on the merits. Fed. R. Civ. P. 37; *Toney v. Gammon*, 79 F.3d 693 (8th Cir. 1996). He argues it was an abuse of discretion to deny him evidence, not specifically requested, where the evidence was of substantial value to him, *United States v. Agures*, 427 U.S. 97 (1976), and the circumstances were extraordinary given Defendant's refusal to respond to his general discovery requests.

Plaintiff re-hashes matters previously considered by the undersigned and found unpersuasive. Plaintiff is referred to the prior orders for the specific reasons why the Court ruled as it did. (See ECF Nos. 55, 58, 65 and 71.) Among the reasons were the uncertainty as to whether the purported discovery was served on Defendant, whether Defendant had responded and if so how, why further responses were appropriate, and why Plaintiff failed to move to compel further responses prior to the discovery close date. Although Plaintiff includes in the instant motion his alleged discovery requests, he nevertheless provides no new or different facts responsive to the above discovery orders.

Additionally, Plaintiff's unsupported assertions regarding his alleged discovery requests and Defendant's responses are disputed by defense counsel in her declaration responding to the instant motion. (ECF No. 76). Therein defense counsel states her belief that Plaintiff "had not served Defendant with any [discovery] document requiring a response." (Id., at 3:10-12.)

In sum, Plaintiff offers no new or different facts or extraordinary circumstances warranting reconsideration.  *See* Fed. R. Civ. P. 60(b)(6); *Harvest v. Castro,* 531 F.3d 737, 749 (9th Cir. 2008).  Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff's reliance upon disclosure standards in criminal and habeas proceedings is inapposite in this action.

Plaintiff has not demonstrated any error of fact or law in the above discovery orders or any basis for reconsideration.

**B.    Recusal Of Magistrate For Bias**

Plaintiff seeks reconsideration of the undersigned's refusal to recuse himself from this matter.

Plaintiff re-argues that the above orders show favoritism toward the Defendant. Plaintiff also seeks to rescind his consent to magistrate judge jurisdiction.

Plaintiff's re-argument fails for reasons stated in the prior order denying recusal. (See ECF No. 71, at ¶ III.)  Plaintiff has not demonstrated any error of fact or law in the prior order denying recusal or any basis for reconsideration.

Additionally, the Presiding Judge has assigned the case to the undersigned upon the consent of all parties. (ECF No. 67.)  Plaintiff provides no basis upon which he may retract or rescind his consent subsequent to such assignment.

**C.    Transfer Of Venue**

Plaintiff seeks reconsideration of the undersigned's denial of change in venue.

Plaintiff argues that he is entitled to change venue based upon the possibility he may add currently unidentified defendants.  This argument is speculative and unavailing. Plaintiff's request for a change of venue fails for reasons stated in the prior order.  (See ECF No. 71, at ¶ IV.)

### D.     Voluntary Dismissal

Plaintiff argues that his request for voluntary dismissal, which the undersigned ordered taken under submission, should be granted without prejudice because Plaintiff has called the Court's integrity into question and the Court has improperly denied his previous motions.

Plaintiff's claims of impropriety, judicial bias and abuse of discretion in denying his previous motions fail for the reasons stated. Plaintiff provides no legal or factual basis for the Court to reconsider its order taking under submission Plaintiff's request for voluntary dismissal.

### E.     Review By Presiding Judge

Plaintiff argues the instant reconsideration motion must be referred to the Presiding Judge.  This argument fails because, as noted, this case has been assigned for all proceedings, including trial and entry of final judgment, to the docket of the undersigned. (ECF No. 67.)

## II.    ORDER

Accordingly, for the reasons stated, it is HEREBY ORDERED that Plaintiff's motion for clarification (ECF No. 75) is DENIED.

IT IS SO ORDERED.

Dated:   December 9, 2014              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE