1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    RAUL ERNEST ALONSO-PRIETO,              CASE NO. 1:11-cv-024-MJS

12                    Plaintiff,              **ORDER DISMISSING ACTION WITH
                                              PREJUDICE FOR FAILURE TO OBEY**
13           v.                               **COURT ORDERS AND FAILURE TO
                                              PROSECUTE**
14    B. PIERCE,
                                              **(ECF Nos. 60 & 73)**
15                    Defendant.

16

17           Plaintiff is a former federal prisoner proceeding pro se and in forma pauperis in

18    this civil rights action brought pursuant to Bivens v. Six Unknown Named Agents of

19    Federal Bureau of Narcotics, 403 U.S. 388. (ECF Nos. 4 & 17.)  The action proceeds on

20    Plaintiff's second amended complaint (ECF No. 17) against Defendant Pierce for

21    excessive force in violation of the Eighth amendment.  (ECF Nos. 21 & 25.)

22           On October 16, 2014, Plaintiff filed a motion to compel discovery or, alternatively,

23    to dismiss this action without prejudice. (ECF No. 70.) The Court denied the motion to

24    compel, took under submission the motion to dismiss, and ordered Defendant to respond

25    as to whether he would stipulate to dismissal as proposed by Plaintiff. (ECF No. 71.)

26    Defendant objected to dismissal without prejudice. (ECF No. 72.) Plaintiff did not file a

27    reply.

28           The Courts' second scheduling order required Plaintiff to file and serve his pretrial

1

1   statement on or before November 3, 2014. (ECF No. 60.) The deadline passed without

2   Plaintiff filing his statement or seeking an extension of time to do so. On November 17,

3   2014, the Court ordered Plaintiff to file a pretrial statement or show cause why the action

4   should not be dismissed with prejudice in light of Plaintiff's failure to obey the Court's

5   second scheduling order. (ECF No. 73.) In that Order, the Court warned that it would not

6   find dismissal without prejudice to be an appropriate disposition of this case.

7          The deadline for Plaintiff to show cause has passed without any response from

8   Plaintiff. Plaintiff has not filed a pretrial statement.

9          Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A)(v) allow the Court to

10   dismiss an action for failure to obey a scheduling or other pretrial order. Additionally,

11   Rule 41(b) and Local Rule 110 allow for dismissal for failure to comply with any order of

12   the Court. A district court must weight five factors in determining whether to dismiss a

13   case for failure to comply with a court order: (1) the public's interest in expeditious

14   resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice

15   to the defendants, (4) the public policy favoring disposition of cases on their merits, and

16   (5) the availability of less drastic alternatives. Malone v. U.S. Postal Serv., 833 F.2d 128,

17   130 (9th Cir. 1987).

18          Here, the first two factors clearly support dismissal. Plaintiff's failure to timely file a

19   pretrial statement resulted in the postponement of the scheduled telephonic trial

20   confirmation hearing and could result in postponement of trial, impeding resolution of this

21   case.

22          Plaintiff's conduct also prejudiced Defendant, who would be required to proceed

23   to trial without having received Plaintiff's pretrial statement. Additionally, Plaintiff has not

24   provided an explanation to excuse his failure to comply with the Court's orders. His

25   pending motion to dismiss does not excuse his conduct. Accordingly, the third factor also

26   weights in favor of dismissal. See id. at 131 ("Whether prejudice is sufficient to support

27   an order of dismissal is in part judged with reference to the strength of the plaintiff's

28   excuse for the default.")

1    The fourth factor -- public policy favoring disposition of cases on their merits -- is

2  greatly outweighed by the factors in favor of dismissal discussed herein.

3    Finally, as for the availability of lesser sanctions, at this stage in the proceedings

4  there is little available which would constitute a satisfactory lesser sanction while

5  preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and

6  likely is unable to pay, making monetary sanctions of little use. Dismissal without

7  prejudice would hardly constitute a sanction given Plaintiff's motion (ECF No. 70)

8  seeking same.

9    Accordingly, it is HEREBY ORDERED THAT:

10    1.  The action is DISMISSED with prejudice for failure to obey court orders

11       and failure to prosecute;

12    2.  The upcoming telephonic trial confirmation hearing and trial dates of

13       December 11, 2014 and January 13, 2015, respectively, are VACATED;

14       and

15    3.  The Clerk of Court is directed to terminate all pending motions and CLOSE

16       the case.

17

IT IS SO ORDERED.

18

19    Dated:   __December 9, 2014__        __/s/ *Michael J. Seng*__

20                        UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28