UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ERNEST ALONSO-PRIETO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>B. PIERCE,<br><br>　　　　　Defendant. | CASE NO. 1:11-cv-0024-MJS<br><br>**ORDER REGARDING RESPONSE TO ORDER TO SHOW CAUSE, PRETRIAL STATEMENT, AND NOTICE OF APPEAL**<br><br>**(ECF No. 82)** |

I.    **PROCEDURAL HISTORY**

Plaintiff is a former federal prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388. (ECF Nos. 4 & 17.) The action proceeded on Plaintiff's second amended complaint (ECF No. 17) against Defendant Pierce for excessive force in violation of the Eighth amendment. (ECF Nos. 21 & 25.)

The Courts' second scheduling order required Plaintiff to file and serve his pretrial statement on or before November 3, 2014. (ECF No. 60.) The deadline passed without

Plaintiff filing the statement or seeking an extension of time to do so. On November 17, 2014, the Court ordered Plaintiff to file a pretrial statement or show cause why the action should not be dismissed with prejudice in light of Plaintiff's failure to obey the Court's second scheduling order. (ECF No. 73.) In that Order, the Court warned that if dismissal resulted, dismissal without prejudice would not be appropriate.

The deadline for Plaintiff to show cause passed without any response from Plaintiff. The action was dismissed on December 10, 2014. (ECF No. 80.)

On December 12, 2014, Plaintiff filed a response to the order to show cause, a pretrial statement, and a notice of appeal. (ECF No. 82.) The Court construes Plaintiff's response to the order to show cause and his pretrial statement as a motion for reconsideration of the Court's December 10, 2014 dismissal order.

## II.   LEGAL STANDARD

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Moreover, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (9th Cir. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

## III.   ANALYSIS

In his response to the order to show cause, Plaintiff states his continuing disagreement with the Court's rulings on discovery matters in this case. (ECF No. 82 at

1-2.) Discovery issues were addressed in the Court's order denying Plaintiff's motion to compel, for reconsideration, recusal, and transfer of venue. (ECF No. 71.) They also were addressed in the Court's order denying Plaintiff's motion for clarification. (ECF No. 79.) Plaintiff does not provide any new arguments that would warrant reconsideration of the Court's dismissal order. See Westlands Water Dist., 134 F. Supp. 2d at 1131.

Plaintiff's "informal pretrial statement" is deficient in several respects. It briefly summarizes the facts Plaintiff intends to prove. It goes on to discuss documentary evidence Plaintiff would like to present, but which, according to him, has been destroyed. It then lists intended witnesses, to include four medical personnel who appear to be associated with the prison, one inmate witness, and 29 unnamed inmate witnesses whose names Defendants allegedly refused to release.

The Court's second scheduling order (ECF No. 60) advised Plaintiff that his pretrial statement would have to comply with Local Rule 281. A copy of the Rule was sent to Plaintiff. Plaintiff's pretrial statement does not comply; it does not address each of the matters specified by that Rule.

The order also informed Plaintiff, at length, of the procedures required to obtain the attendance of incarcerated and unincarcerated witnesses. Plaintiff did not comply with these procedures. He did not file a motion for attendance of incarcerated witnesses or a declaration indicating that his incarcerated witness was willing to testify voluntarily. He also did not indicate whether his unincarcerated medical witnesses were willing to testify voluntarily; he did not, as an alternative, file a motion to ensure their attendance or pay the required witness fees and travel expenses.

In light of these deficiencies, Plaintiff's pretrial statement does not provide a basis for reconsideration of the Court's dismissal order. See Marlyn Nutraceuticals, Inc., 571 F.3d at 880.

**IV.    ORDER**

Based on the foregoing, Plaintiff's response to the order to show cause and pretrial statement (ECF No. 82), which the Court construes as a motion for

reconsideration, is HEREBY DENIED.  The case remains dismissed.

The Clerk of Court is directed to process Plaintiff's notice of appeal. (ECF No. 82.)

IT IS SO ORDERED.

Dated:     December 15, 2014            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE